COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





EL PASO COMMUNITY COLLEGE
DISTRICT,

                                    Appellant,

v.

DAVID D. CHASE,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00100-CV

Appeal from
327th District Court

of El Paso County, Texas

(TC # 2003-4851)



 

 

 




O P I N I O N

            El Paso Community College District brings this accelerated interlocutory appeal from an
order denying its plea to the jurisdiction. Tex.Civ.Prac.&Rem.Code Ann. § 51.014(a)(8)(West
2008). We dismiss for want of jurisdiction.
FACTUAL SUMMARY
            David Chase, a tenured professor at El Paso Community College, filed a charge of race and
national origin discrimination with the EEOC on December 19, 2002. EPCC suspended Dr. Chase
with pay on March 12, 2003 for violating its policies by giving a student an “A” even though the
student did not attend class or do the required work. EPCC’s President, Richard M. Rhodes notified
Dr. Chase by letter dated April 4,2003 that he was recommending termination of employment based
on the original charge and because Dr. Chase failed to provide the student records when requested
and he had submitted a timesheet for a period in July 2002 which he had not worked. In April of
2003, Chase filed a claim of retaliation with the EEOC and the Texas Commission on Human
Rights.


 Following a hearing and appeal, EPCC terminated Chase’s employment on August 13, 2003
for violating its policies. Dr. Chase received his right to sue notice from the EEOC on September 6,
2003. On November 4, 2003, he filed suit against EPCC alleging retaliation in violation of Section
21.055 of the Texas Labor Code. 
            EPCC filed its plea to the jurisdiction asserting that it terminated Dr. Chase for a non-discriminatory reason, and therefore, the burden shifted to Dr. Chase to show that he would not have
been terminated but for filing his EEOC charge. It further argued that if Dr. Chase could not meet
this burden, its sovereign immunity had not been waived. EPCC attached evidence in support of its
plea. The trial court denied the plea on March 24, 2009. 
JURISDICTIONAL FACTS
            In four issues, EPCC challenges the trial court’s denial of its plea to the jurisdiction. Dr. 
Chase argues that EPCC is improperly utilizing a plea to the jurisdiction to challenge the merits of
his cause of action rather than a jurisdictional fact.
            A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Bland
Independent School District v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the burden
to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. 
Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex. 1993); Gomez
v. Housing Authority of the City of El Paso, 148 S.W.3d 471, 477 (Tex.App.--El Paso 2004, pet.
denied). A plea to the jurisdiction can be utilized to challenge whether the plaintiff has met his
burden of alleging jurisdictional facts but it can also raise a challenge to the existence of
jurisdictional facts. See Texas Department of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004). 
            A trial court’s review of a plea to the jurisdiction challenging the existence of jurisdictional
facts mirrors that of a traditional motion for summary judgment. Miranda, 133 S.W.3d at 228; see
Tex.R.Civ.P. 166a(c). The government defendant is required to meet the summary judgment
standard of proof for its assertion that the trial court lacks jurisdiction; once the defendant meets its
burden, the plaintiff is then required to show that there is a disputed material fact regarding the
jurisdictional issue. Miranda, 133 S.W.3d at 228. If the evidence creates a fact question regarding
jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact
finder. Id. at 227-28. On the other hand, if the evidence is undisputed or fails to raise a fact question
on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. Id.
at 228. 
            Dr. Chase alleged in his petition that after he filed a charge of race and national origin
discrimination, EPCC first suspended and then terminated him. EPCC’s plea to the jurisdiction is
not directed at Dr. Chase’s pleadings. Instead, EPCC asserted in its plea that it terminated Dr. Chase
for non-discriminatory reasons, and therefore, he must present evidence raising a fact issue on
whether the reason given was a pretext for retaliatory action, or he must challenge EPCC’s evidence
as failing to prove as a matter of law that the reason given was a legitimate, nondiscriminatory
reason.
            Sovereign immunity deprives a trial court of subject-matter jurisdiction of lawsuits in which
the state or certain governmental units have been sued unless the Legislature waives that immunity. 
State v. Lueck, 290 S.W.3d 876, 880 (Tex. 2009); Miranda, 133 S.W.3d at 224; see also Tex.Gov’t
Code Ann. § 311.034 (West Supp. 2010)(“[A] statute shall not be construed as a waiver of
sovereign immunity unless the waiver is effected by clear and unambiguous language.”). Sovereign
immunity includes two distinct principles, immunity from suit and immunity from liability. 
Miranda, 133 S.W.3d at 224. A statute waives immunity from suit, immunity from liability, or both. 
Lueck, 290 S.W.3d at 880. Immunity from suit is a jurisdictional question of whether the State has
expressly consented to suit. Lueck; 290 S.W.3d at 880; Wichita Falls State Hospital v. Taylor, 106
S.W.3d 692, 696 (Tex. 2003). This issue is properly raised in a plea to the jurisdiction. Miranda,
133 S.W.3d at 225-26. In contrast, immunity from liability determines whether the State has
accepted liability even after it has consented to suit. Lueck, 290 S.W.3d at 880. Immunity from
liability is an affirmative defense which cannot be raised in a plea to the jurisdiction. Id.; Texas
Department of Transportation v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
            The Legislature has provided a limited waiver of sovereign immunity for those employment
discrimination and retaliation claims falling within Chapter 21 of the Texas Labor Code. See
Tex.Labor Code Ann. §§ 21.051(1), 21.055 (West 2006)(prohibiting unlawful employment
practices by “employer”); § 21.002(8)(D)(West Supp. 2010)(defining “employer” to include a
county, municipality, state agency, or state instrumentality); Mission Consolidated Independent
School District v. Garcia, 253 S.W.3d 653, 660 (Tex. 2008); Texas Department of Criminal Justice
v. Cooke, 149 S.W.3d 700, 704 (Tex.App.--Austin 2004, no pet.). Under Section 21.055, an
employer commits an unlawful employment practice if it retaliates or discriminates against a person
who, under Chapter 21 of the Labor Code:
            (1) opposes a discriminatory practice; 

            (2) makes or files a charge;

            (3) files a complaint; or 
 
(4) testifies, assists, or participates in any manner in an investigation, proceeding, or
hearing. 

Tex.Labor Code Ann. § 21.055. 
            One express purpose of Chapter 21 is to “provide for the execution of the policies of Title
VII of the Civil Rights Act of 1964 and its subsequent amendments.” Tex.Labor Code Ann. §
21.001(1). Therefore, our reading of Chapter 21 is guided by analogous federal statutes and the
cases interpreting them. Quantum Chemical Corporation v. Toennies, 47 S.W.3d 473, 476 (Tex.
2001); Ptomey v. Texas Tech University, 277 S.W.3d 487, 492 (Tex.App.--Amarillo 2009, pet.
denied).
            In McDonnell Douglas Corporation v. Green and subsequent decisions, the United States
Supreme Court established an allocation of the burden of production and an order for the
presentation of proof in cases where there is only circumstantial evidence of discrimination. See
Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d
105 (2000); McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36
L.Ed.2d 668 (1973); Quantum, 47 S.W.3d at 477. The McDonnell Douglas burden-shifting
framework applies only to a case which has not been fully tried on the merits. See Reeves v.
Sanderson Plumbing Products, Inc., 530 U.S. 133, 142-43, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105
(2000); Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003). Thus, it is typically
applied in the context of a summary judgment motion. See e.g., Dias v. Goodman Manufacturing
Company, L.P., 214 S.W.3d 672, 676-77 (Tex.App.--Houston [14th Dist.] 2007, pet.
denied)(applying McDonnell Douglas framework in a retaliation case where summary judgment
granted in favor of employer). 
            Under this framework, the plaintiff must first establish a prima facie case of discrimination
or retaliation. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; Quantum, 47 S.W.3d at 477; 
 Dias v. Goodman Manufacturing Company, L.P., 214 S.W.3d 672, 676 (Tex.App.--Houston [14th
Dist.] 2007, pet. denied); Herbert v. City of Forest Hill, 189 S.W.3d 369, 377 (Tex.App.--Fort Worth
2006, no pet.)(holding that the McDonnell Douglas burden-shifting framework applies to retaliation
claims in the same manner as to discrimination claims). The precise elements of this showing will
vary depending on the allegations. Quantum, 47 S.W.3d at 477. In a retaliation action brought under
Section 21.055, the plaintiff is required to make a prima facie showing that: (1) he engaged in a
protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between
the protected activity and the adverse action. Dias, 214 S.W.3d at 676; Niu v. Revcor Molded
Products Co., 206 S.W.3d 723, 730-31 (Tex.App.--Fort Worth 2006, no pet.). The plaintiff’s burden
at this stage of the case is not onerous. Texas Department of Community Affairs v. Burdine, 450 U.S.
248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Establishment of the prima facie case in
effect creates a presumption that the employer unlawfully discriminated against the employee. 
Burdine, 450 U.S. at 254, 101 S.Ct. at1094. If the plaintiff is successful, the burden shifts to the
employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. 
McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; Quantum, 47 S.W.3d at 477. The offer of
a legitimate reason eliminates the presumption of discrimination created by the plaintiff’s prima
facie showing. See Quantum, 47 S.W.3d at 477. In Burdine, the Supreme Court explained the effect
of the defendant employer meeting its burden of proof:
If the defendant carries this burden of production, the presumption raised by the
prima facie case is rebutted, and the factual inquiry proceeds to a new level of
specificity. Placing this burden of production on the defendant thus serves
simultaneously to meet the plaintiff’s prima facie case by presenting a legitimate
reason for the action and to frame the factual issue with sufficient clarity so that the
plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency
of the defendant’s evidence should be evaluated by the extent to which it fulfills
these functions.

450 U.S. at 255-56, 101 S.Ct. at1094-95. The burden then shifts back to the plaintiff to show that
the employer’s reason was a pretext for discrimination. McDonnell Douglas, 411 U.S. at 807, 93
S.Ct. at 1826-27. Although intermediate evidentiary burdens shift back and forth under this
framework, the ultimate burden of persuading the trier of fact that the defendant intentionally
discriminated against the plaintiff remains at all times with the plaintiff. Reeves v. Sanderson
Plumbing Products, 530 U.S. 133, 143, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000); Burdine, 450
U.S. at 253, 101 S.Ct. at1093.
            In El Paso Community College v. Lawler, this Court addressed an appeal from the denial of
a plea to the jurisdiction in an employment discrimination case where the governmental unit asserted
that its immunity from suit was not waived because the plaintiff had failed to establish a prima facie
case of discrimination. El Paso Community College v. Lawler, --- S.W.3d ---, 2010 WL 4851390
(Tex.App.--El Paso 2010, no pet. h.). The issue joined in Lawler was whether the plaintiff had made
a prima facie showing of discrimination, not whether he was required to do so in the context of a
plea to the jurisdiction. In other words, the plea focused on the first part of the McDonnell Douglas
framework by asserting that the plaintiff could not establish a prima facie case of discrimination. 
In the instant case, the defendant’s jurisdictional challenge is directed to the third part of the
framework by arguing that Dr. Chase cannot show that EPCC’s reason for terminating him was
pretextual. EPCC has not cited and we are unaware of any cases expressly holding that any part of
the McDonnell Douglas framework is a jurisdictional fact that can implicate the trial court’s subject-matter jurisdiction in a discrimination or retaliation case filed under Chapter 21. 
            The Waco Court of Appeals has held that there are only two jurisdictional requirements for
a claim filed under Chapter 21: (1) the governmental entity must fall within Section 21.002(8)(D)’s 
definition of “employer”; and (2) the plaintiff must file an administrative complaint within 180 days
of any alleged discriminatory act as required by Section 21.202(a) of the Labor Code. See Texas
Department of Criminal Justice v. Guard, No. 10-06-00065-CV, 2007 WL 1119572, at *2
(Tex.App.--Waco April 11, 2007, no pet.). The College argues that this decision is contrary to the
Supreme Court’s decision in Miranda. Focusing on Miranda’s instruction that a trial court’s review
of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a
traditional motion for summary judgment, Miranda, 133 S.W.3d at 228, the College contends that
it should be able to challenge any element of the plaintiff’s retaliation cause of action since it could
raise such a challenge in a motion for summary judgment. We do not read Miranda so broadly. 
Miranda explains the standard by which a plea to the jurisdiction is reviewed where jurisdictional
facts implicate the merits of the case, but it does not hold that non-jurisdictional issues or facts can
be properly raised in a plea to the jurisdiction.
            In State v. Lueck, the Texas Supreme Court held that the elements of a Whistleblower claim
under Section 554.002(a) of the Government Code “can be considered to determine both jurisdiction
and liability.” Lueck, 290 S.W.3d at 883. The Court based its holding on the Whistleblower Act’s
immunity provision which states that “[a] public employee who alleges a violation of this chapter
may sue the employing state or local governmental entity for the relief provided by this chapter.” 
Lueck, 290 S.W.3d at 881 (discussing Tex.Gov’t Code § 554.0035). Given this statutory language,
the Supreme Court reasoned that a plaintiff must actually allege a violation of the Whistleblower Act
in order for there to be a waiver of immunity from suit. Id. Chapter 21 does not include similar
statutory language from which it could be concluded that all of the elements of a discrimination or
retaliation claim must be alleged in order for there to be a waiver of immunity from suit. It follows
that the plaintiff’s alleged failure to satisfy some part of its burden under the McDonnell Douglas
framework is likewise not a jurisdictional fact. Accordingly, we hold that EPCC’s challenge cannot
be raised in a plea to the jurisdiction. 
            Although Dr. Chase does not expressly request dismissal of the appeal, that is the correct
disposition because EPCC has raised an issue in its plea to the jurisdiction that does not implicate
subject matter jurisdiction. See Texas Department of Criminal Justice v. Simons, 140 S.W.3d 338,
349 (Tex. 2004)(dismissing interlocutory appeal from denial of plea to the jurisdiction based on
inmate’s failure to provide the notice required by Section 101.101 of the Tort Claims Act because
the notice requirement is not jurisdictional). We therefore dismiss the interlocutory appeal.
 
May 4, 2011                                                                                                                                                    ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment