COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| EL PASO COMMUNITY COLLEGE DISTRICT, | § | No. 08-09-00100-CV |
| | § | Appeal from |
| Appellant, | § | 327th District Court |
| v. | § | of El Paso County, Texas |
| DAVID D. CHASE, | § | (TC # 2003-4851) |
| Appellee. | § | |

**O P I N I O N**

El Paso Community College District brings this accelerated interlocutory appeal from an order denying its plea to the jurisdiction. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West 2008). We dismiss for want of jurisdiction.

**FACTUAL SUMMARY**

David Chase, a tenured professor at El Paso Community College, filed a charge of race and national origin discrimination with the EEOC on December 19, 2002. EPCC suspended Dr. Chase with pay on March 12, 2003 for violating its policies by giving a student an "A" even though the student did not attend class or do the required work. EPCC's President, Richard M. Rhodes notified Dr. Chase by letter dated April 4, 2003 that he was recommending termination of employment based on the original charge and because Dr. Chase failed to provide the student records when requested and he had submitted a timesheet for a period in July 2002 which he had not worked. In April of 2003, Chase filed a claim of retaliation with the EEOC and the Texas Commission on Human

Rights.[1]  Following a hearing and appeal, EPCC terminated Chase's employment on August 13, 2003 for violating its policies.  Dr. Chase received his right to sue notice from the EEOC on September 6, 2003.  On November 4, 2003, he filed suit against EPCC alleging retaliation in violation of Section 21.055 of the Texas Labor Code.

EPCC filed its plea to the jurisdiction asserting that it terminated Dr. Chase for a non-discriminatory reason, and therefore, the burden shifted to Dr. Chase to show that he would not have been terminated but for filing his EEOC charge.  It further argued that if Dr. Chase could not meet this burden, its sovereign immunity had not been waived.  EPCC attached evidence in support of its plea.  The trial court denied the plea on March 24, 2009.

## JURISDICTIONAL FACTS

In four issues, EPCC challenges the trial court's denial of its plea to the jurisdiction.  Dr. Chase argues that EPCC is improperly utilizing a plea to the jurisdiction to challenge the merits of his cause of action rather than a jurisdictional fact.

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction.  *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction.  *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex. 1993); *Gomez v. Housing Authority of the City of El Paso*, 148 S.W.3d 471, 477 (Tex.App.--El Paso 2004, pet. denied).  A plea to the jurisdiction can be utilized to challenge whether the plaintiff has met his burden of alleging jurisdictional facts but it can also raise a challenge to the existence of

---

[1]  In 2004, the powers and duties of the Texas Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.  TEX.LAB.CODE ANN. § 21.0015 (West 2006).  Dr. Chase filed his charge with the TCHR in 2003.  Accordingly, any references in this opinion to the Commission are to the TCHR.

jurisdictional facts. *See Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004).

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* TEX.R.CIV.P. 166a(c). The government defendant is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction; once the defendant meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id*. at 227-28. On the other hand, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

Dr. Chase alleged in his petition that after he filed a charge of race and national origin discrimination, EPCC first suspended and then terminated him. EPCC's plea to the jurisdiction is not directed at Dr. Chase's pleadings. Instead, EPCC asserted in its plea that it terminated Dr. Chase for non-discriminatory reasons, and therefore, he must present evidence raising a fact issue on whether the reason given was a pretext for retaliatory action, or he must challenge EPCC's evidence as failing to prove as a matter of law that the reason given was a legitimate, nondiscriminatory reason.

Sovereign immunity deprives a trial court of subject-matter jurisdiction of lawsuits in which the state or certain governmental units have been sued unless the Legislature waives that immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Miranda*, 133 S.W.3d at 224; *see also* TEX.GOV'T CODE ANN. § 311.034 (West Supp. 2010)("[A] statute shall not be construed as a waiver of

sovereign immunity unless the waiver is effected by clear and unambiguous language."). Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. A statute waives immunity from suit, immunity from liability, or both. *Lueck*, 290 S.W.3d at 880. Immunity from suit is a jurisdictional question of whether the State has expressly consented to suit. *Lueck*; 290 S.W.3d at 880; *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). This issue is properly raised in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26. In contrast, immunity from liability determines whether the State has accepted liability even after it has consented to suit. *Lueck*, 290 S.W.3d at 880. Immunity from liability is an affirmative defense which cannot be raised in a plea to the jurisdiction. *Id.*; *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

The Legislature has provided a limited waiver of sovereign immunity for those employment discrimination and retaliation claims falling within Chapter 21 of the Texas Labor Code. *See* TEX.LABOR CODE ANN. §§ 21.051(1), 21.055 (West 2006)(prohibiting unlawful employment practices by "employer"); § 21.002(8)(D)(West Supp. 2010)(defining "employer" to include a county, municipality, state agency, or state instrumentality); *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *Texas Department of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex.App.--Austin 2004, no pet.). Under Section 21.055, an employer commits an unlawful employment practice if it retaliates or discriminates against a person who, under Chapter 21 of the Labor Code:

(1) opposes a discriminatory practice;

(2) makes or files a charge;

(3) files a complaint; or

(4) testifies, assists, or participates in any manner in an investigation, proceeding, or

hearing.

TEX.LABOR CODE ANN. § 21.055.

One express purpose of Chapter 21 is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX.LABOR CODE ANN. § 21.001(1). Therefore, our reading of Chapter 21 is guided by analogous federal statutes and the cases interpreting them. *Quantum Chemical Corporation v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001); *Ptomey v. Texas Tech University*, 277 S.W.3d 487, 492 (Tex.App.--Amarillo 2009, pet. denied).

In *McDonnell Douglas Corporation v. Green* and subsequent decisions, the United States Supreme Court established an allocation of the burden of production and an order for the presentation of proof in cases where there is only circumstantial evidence of discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000); *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Quantum*, 47 S.W.3d at 477. The *McDonnell Douglas* burden-shifting framework applies only to a case which has not been fully tried on the merits. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142-43, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000); *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003). Thus, it is typically applied in the context of a summary judgment motion. *See e.g.*, *Dias v. Goodman Manufacturing Company, L.P.*, 214 S.W.3d 672, 676-77 (Tex.App.--Houston [14th Dist.] 2007, pet. denied)(applying McDonnell Douglas framework in a retaliation case where summary judgment granted in favor of employer).

Under this framework, the plaintiff must first establish a *prima facie* case of discrimination or retaliation. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Quantum*, 47 S.W.3d at 477;

*Dias v. Goodman Manufacturing Company, L.P.*, 214 S.W.3d 672, 676 (Tex.App.--Houston [14th Dist.] 2007, pet. denied); *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 377 (Tex.App.--Fort Worth 2006, no pet.)(holding that the *McDonnell Douglas* burden-shifting framework applies to retaliation claims in the same manner as to discrimination claims). The precise elements of this showing will vary depending on the allegations. *Quantum*, 47 S.W.3d at 477. In a retaliation action brought under Section 21.055, the plaintiff is required to make a *prima facie* showing that: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Dias,* 214 S.W.3d at 676; *Niu v. Revcor Molded Products Co.*, 206 S.W.3d 723, 730-31 (Tex.App.--Fort Worth 2006, no pet.). The plaintiff's burden at this stage of the case is not onerous. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254, 101 S.Ct. at1094. If the plaintiff is successful, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Quantum*, 47 S.W.3d at 477. The offer of a legitimate reason eliminates the presumption of discrimination created by the plaintiff's *prima facie* showing. *See Quantum*, 47 S.W.3d at 477. In *Burdine*, the Supreme Court explained the effect of the defendant employer meeting its burden of proof:

> If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

450 U.S. at 255-56, 101 S.Ct. at1094-95. The burden then shifts back to the plaintiff to show that the employer's reason was a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 807, 93 S.Ct. at 1826-27. Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 143, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000); *Burdine*, 450 U.S. at 253, 101 S.Ct. at1093.

In *El Paso Community College v. Lawler*, this Court addressed an appeal from the denial of a plea to the jurisdiction in an employment discrimination case where the governmental unit asserted that its immunity from suit was not waived because the plaintiff had failed to establish a *prima facie* case of discrimination. *El Paso Community College v. Lawler*, --- S.W.3d ---, 2010 WL 4851390 (Tex.App.--El Paso 2010, no pet. h.). The issue joined in *Lawler* was whether the plaintiff had made a *prima facie* showing of discrimination, not whether he was required to do so in the context of a plea to the jurisdiction. In other words, the plea focused on the first part of the *McDonnell Douglas* framework by asserting that the plaintiff could not establish a *prima facie* case of discrimination. In the instant case, the defendant's jurisdictional challenge is directed to the third part of the framework by arguing that Dr. Chase cannot show that EPCC's reason for terminating him was pretextual. EPCC has not cited and we are unaware of any cases expressly holding that any part of the *McDonnell Douglas* framework is a jurisdictional fact that can implicate the trial court's subject-matter jurisdiction in a discrimination or retaliation case filed under Chapter 21.

The Waco Court of Appeals has held that there are only two jurisdictional requirements for a claim filed under Chapter 21: (1) the governmental entity must fall within Section 21.002(8)(D)'s definition of "employer"; and (2) the plaintiff must file an administrative complaint within 180 days

of any alleged discriminatory act as required by Section 21.202(a) of the Labor Code. *See Texas Department of Criminal Justice v. Guard*, No. 10-06-00065-CV, 2007 WL 1119572, at *2 (Tex.App.--Waco April 11, 2007, no pet.). The College argues that this decision is contrary to the Supreme Court's decision in *Miranda*. Focusing on *Miranda's* instruction that a trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment, *Miranda*, 133 S.W.3d at 228, the College contends that it should be able to challenge any element of the plaintiff's retaliation cause of action since it could raise such a challenge in a motion for summary judgment. We do not read *Miranda* so broadly. *Miranda* explains the standard by which a plea to the jurisdiction is reviewed where jurisdictional facts implicate the merits of the case, but it does not hold that non-jurisdictional issues or facts can be properly raised in a plea to the jurisdiction.

In *State v. Lueck*, the Texas Supreme Court held that the elements of a Whistleblower claim under Section 554.002(a) of the Government Code "can be considered to determine both jurisdiction and liability." *Lueck*, 290 S.W.3d at 883. The Court based its holding on the Whistleblower Act's immunity provision which states that "[a] public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter." *Lueck*, 290 S.W.3d at 881 (discussing TEX.GOV'T CODE § 554.0035). Given this statutory language, the Supreme Court reasoned that a plaintiff must actually allege a violation of the Whistleblower Act in order for there to be a waiver of immunity from suit. *Id.* Chapter 21 does not include similar statutory language from which it could be concluded that all of the elements of a discrimination or retaliation claim must be alleged in order for there to be a waiver of immunity from suit. It follows that the plaintiff's alleged failure to satisfy some part of its burden under the *McDonnell Douglas* framework is likewise not a jurisdictional fact. Accordingly, we hold that EPCC's challenge cannot

be raised in a plea to the jurisdiction.

Although Dr. Chase does not expressly request dismissal of the appeal, that is the correct disposition because EPCC has raised an issue in its plea to the jurisdiction that does not implicate subject matter jurisdiction. *See Texas Department of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004)(dismissing interlocutory appeal from denial of plea to the jurisdiction based on inmate's failure to provide the notice required by Section 101.101 of the Tort Claims Act because the notice requirement is not jurisdictional). We therefore dismiss the interlocutory appeal.


May 4, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment