ACCEPTED
13-15-00045-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/8/2015 12:00:00 AM
CECILE FOY GSANGER
CLERK

COURT OF APPEALS NUMBER _____13-15-0045-CV___

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/8/2015 8:00:00 AM
CECILE FOY GSANGER
Clerk

* * * * *

TEXAS VETERANS COMMISSION

Appellant

V.

ARMANDO LAZARIN, JOSE VALLEJO
and ROBERT MUSE

Appellees

* * * * *

# APPELLEES RESPONSE BRIEF

* * * * *

**WILLIAM H. BERRY, JR.**
Attorney in Charge for Appellees
Texas Bar 02251000, Federal ID 1155
**GAIL D. C. DORN**
Attorney *of Counsel* for Appellees
Texas Bar 06007350, Federal ID 16311
P. O. Box 23064
Corpus Christi, Texas 78403-3064
361-888-5568, No Facsimile
e-mail: berrylaw@sbcglobal.net

APPELLEES REQUEST ORAL ARGUMENT

TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . .  ix

APPELLEES' STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . .  ix
    Response to Appellant Issue 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix
    Response to Appellant Issue 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix
    Response to Appellant Issue 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix
    Response to Appellant Issue 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  x

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
    Burden of Proof on a Plea to the Jurisdiction. . . . . . . . . . . . . . . . . . . .  7
    Pleading Race/National Origin, Gender and Age Discrimination. . . . . . .  8
        Age Discrimination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
        National Origin (Hispanic) Discrimination. . . . . . . . . . . . . . . . . .  10
        Gender Discrimination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
    Evidence and Pleading Allegations Overcome Plea to the Jurisdiction. . .  11
    Waiver of Sovereign Immunity under ADEA. . . . . . . . . . . . . . . . . . . .  13
    Preference for Disabled Veterans Status. . . . . . . . . . . . . . . . . . . . . . . .  14
        Texas Preference Statute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14
        Job Counseling, Training and Placement Service for Veterans. . . . .  16
    Vallejo claim for FMLA Violations and Retaliation. . . . . . . . . . . . . . . .  17
        Family Medical Leave Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
        Texas Waiver of Sovereign Immunity under FMLA. . . . . . . . . . . .  19
        Retaliation under FMLA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

INDEX OF AUTHORITIES

PAGE

**STATUTES**

29 U .S.C. § 2601(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

29 U.S.C. § 2611 et. seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii, ix, 17

29 U.S.C. § 2612(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

29 U.S.C. § 2612(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

29 U.S.C. § 2613. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

29 U.S.C. § 2614(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 21

29 U.S.C. § 2615. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

29 U.S.C. § 621 et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii, ix, 8

29 U.S.C. § 623. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 U.S.C. § 633. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

29 U.S.C. § 691. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

38 U.S.C. § 3100. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

38 U.S.C. § 3110. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

38 U.S.C. § 4103a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii, 14, 16

38 U.S.C. § 4212. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

38 U.S.C. § 4214. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

38 U.S.C. §4102.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

42 U.S.C. 2000e-2(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii, 8

42 U.S.C. § 12101 et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

42 U.S.C. § 2000e-2(m).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

42 U.S.C. § 2000e-5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Gov't Code Ann. § 57.007. . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Tex. Gov't Code Ann. § 657.001 et seq... . . . . . . . . . . . . . . . viii, 14, 20, 21

Tex. Gov't Code Ann. § 657.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. Gov't Code Ann. § 657.003(a). . . . . . . . . . . . . . . . . . . . . . . . 15, 21

Tex. Gov't Code Ann. § 657.004. . . . . . . . . . . . . . . . . . . . . . . . . 15, 21

Tex. Gov't Code Ann. § 657.006. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. Gov't Code Ann. § 657.007. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. Gov't Code Ann. § 657.010. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. Labor Code Ann. § 21.001 et seq... . . . . . . . . . . . . . . . . ix, 7, 13, 22

Tex. Labor Code Ann. § 21.051. . . . . . . . . . . . . . . . . . . . . . . . viii, 8, 9

**CASES**

*Cole v. Young,* 351 U.S. 536, 76 S.Ct. 861, 100 L.Ed. 1396 (1956).. . . . . . . . . . . . . . 16

*County of El Paso v. Latimer,* 431 S.W.3d 844 (Tex.App.–El Paso 2014, no pet. rev.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*El Paso Community College v. Chase,* 355 S.W.3d 164 (Tex.App.–El Paso 2011, rev. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Goff v. Singing River Health System,* 6 F.Supp.3d 704 (S.D. Miss. 2014). . . 18, 22

*Gold v. Exxon Corp.,* 960 S.W.2d 378 (Tex.App.--Houston [14th Dist.] 1998, no pet. rev.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mission Consol. Independent School Dist. v. Garcia,* 372 S.W.3d 629 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nevada Department of Human Resources v. Hibbs,* 538 U.S. 721, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Office of Atty. Gen. v. Weatherspoon,* 435 S.W.3d 844 (Tex.App.–Dallas 2014, pet. rev. filed, July 28, 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Personnel Adm'r of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Quantum Chemical Corp. v. Toennies,* 47 S.W.3d 473 (Tex. 2001). . . . . . . . . . . 10

*Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*San Antonio Water System v. Nicolas,* ___ S.W.3d ____ (Tex. 2015) 2015 WL 1873217 (April 24, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Texas Department of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*University of Texas at El Paso v. Herrera,* 322 S.W.3d 192 (Tex. 2010). . . 19, 20, 22

**REGULATIONS**

29 C.F.R. 825.305(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**RULES**

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

STATEMENT OF THE CASE

This is an appeal from a denial of Appellant's plea to the jurisdiction in an employment discrimination suit brought by all Appellees, Armando Lazarin, Jose Vallejo and Robert Muse alleging discrimination based on age, gender, and national origin/race pursuant to the Texas Commission on Human Rights Act[1], as adopted from Age Discrimination in Employment Act[2], and Civil Rights in Employment Act[3]. All Appellees sued for denial of their rights for employment preference because of their status as disabled veterans[4]. Appellee Vallejo, a cancer patient, sued for damages because Appellant violated his entitlement under the Family Medical Leave Act[5]. [C.R.40-55]

Appellant filed a Plea to the Jurisdiction. The Trial Court heard evidence on January 8, 2015 and denied Appellant's Plea to the Jurisdiction on January 8, 2015. [C.R.549] Appellant filed a notice of appeal on January 27, 2015. [C.R.550]

---

[1]Tex. Labor Code Ann. § 21.051.

[2]29 U.S.C. § 621 et seq.

[3]42 U.S.C. 2000e-2(a).

[4]38 U.S.C. § 4103a and Tex. Gov't Code Ann. § 657.001 et seq.

[5]29 U.S.C. § 2611 et. seq.

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is beneficial in this case because the issues raised by this interlocutory appeal will result in the interpretation of both State and Federal law.

APPELLEES' STATEMENT OF THE ISSUES

Response to Appellant Issue 1. The Trial Court's denial of Appellant's plea to the jurisdiction should be affirmed because Appellees properly pleaded and submitted controverting evidence that met their prima facie burden on their claims of race, national origin, gender, age, hostile work environment and retaliation under the Texas Commission on Human Rights Act.[6]

Response to Appellant Issue 2. The Trial Court denying Appellant's plea to the jurisdiction should be affirmed because Appellant is not immune from claims under the Age in Employment Discrimination Act[7].

Response to Appellant Issue 3. The Trial Court denying Appellant's plea to the jurisdiction on Appellee Jose Vallejo's claim under the Family Medical Leave Act[8]should be affirmed because Vallejo adequately alleged claims under the FMLA and the claim of sovereign immunity is an affirmative defense to be raised

---

[6]Tex. Labor Code Ann. § 21.001 et seq.

[7]29 U.S.C. § 621 et. seq.

[8]29 U.S.C. § 2611 et. seq.

by Appellant.

Response to Appellant Issue 4. The Trial Court denying Appellant's plea to the jurisdiction because:

      a.     Appellant waives immunity to claims alleging Appellant's violation of Appellees' veteran status.

      b.     Appellees disabled veteran status is protected under 38 U.S.C. § 4103a and Tex. Gov't Code Ann. § 657.001 et seq. (West).

STATEMENT OF FACTS

Appellees' Armando Lazarin, Jose Vallejo and Robert Muse sued Appellant alleging wrongful termination because of their age (over 40 years) national origin Hispanic and gender male and denied retention of their job positions because of their veterans status. [C.R.84-88] Appellees alleged they were terminated from their positions wrongfully and their positions were replaced by persons who were younger, persons who were non-Hispanic and persons who were female. [C.R.84-88, 90-94]

Appellees alleged that their status as disabled veterans and their entitlement to preference under both the Texas and Federal Veterans preference statutes. [C.R.81-82, 84-94]

Appellee Vallejo, a cancer patient, specifically alleged facts supporting his claim for Appellant's violations of his rights under the Family Medical Leave Act [FMLA] because he was terminated while he was receiving benefits under the FMLA and was in the process of extending his time to receive benefits when he was fired. [C.R.92-98] Appellee Vallejo testified that he was diagnosed with cancer, had been returned to light duty by his physician but remained on FMLA, and his extension of benefits was being processed when he was fired. [R.R. 18-21]

Vallejo received a 30 percent disability upon his honorable discharge from

1

the United States Air Force in 1992. [R.R.16] He was employed with the Texas Veteran's Commission from April 2007 to September 2012. [R.R.16-17] Vallejo filed for benefits under the Family Medical Leave Act when he was diagnosed in cancer in 2012. [R.R.17] In August 2012, less than one month prior to his termination and just before his first claim for FMLA benefits was expiring, Vallejo had applied for continuing FMLA benefits. [R.R.17-18] While his request was pending, Appellee Vallejo was terminated. [R.R.18-20] At the time of his termination, Appellee Vallejo was undergoing chemo therapy at M.D. Anderson in Houston, Texas. [R.R.20] Vallejo had been released for limited duty, formally he was on FMLA leave at the time he was terminated. [R.R.21, C.R.486 (PX-13)] The pleadings and evidence establish the Court's jurisdiction over Vallejo's claims against Appellant.

Appellees Lazarin, Vallejo and Muse specifically pleaded the elements of the causes of action asserted under the Texas Commission on Human Rights Act, under the Civil Rights Act in Employment Discrimination and Age Discrimination in Employment Act. [C.R.81-82, 84-94]

Appellees Lazarin, Vallejo and Muse specifically alleged and cited the statues giving rise to the Court's jurisdiction of Appellees claims and causes of action against Appellant. [C.R.80-101]

2

Appellees alleged the period that they were employed with Appellant. [C.R.85-86] They presented controverting evidence of their entitlement to veterans preference and veterans entitlements. [C.R.81-82, 85-94]. Appellees alleged and submitted controverting evidence that Appellant's terminated or failed to retain them in their job positions. [C.R.257-262 (PX-5)] Appellees filed a written complaint with Appellant dated September 11, 2012, complaining of their termination and decision to not retain them in their job positions. [C.R.263-272, 274-282, 284-292 (PX-6)] Appellant's denied Appellees complaint in a letter dated September 28, 2012. [C.R. 273, 283, 293 (PX-6)]

The letter submitted to Appellees articulating the reason for the termination that Appellees violated Texas Veterans' Commission policies in recording job developments in the system. [C.R.257, 259, 261] Appellees submitted the memorandum dated December 9, 2011, evidencing that Appellees were in fact following the mandate issued by Appellant TVC, and no policies had been violated. [C.R.294-298] Appellees likewise explained how they [Appellees] were in compliance with the TVC policy in their appeal to the TVC dated September 11, 2012. [C.R.263-272, 274-282, 284-292 (PX-6)]

Appellant submitted evidence controverting the Plea to the Jurisdiction that Appellees' job positions were ultimately filled by two females, one non-Hispanic

and the other Hispanic, and one much younger than the Appellees. [C.R.122] Appellees submitted controverting evidence that Appellees were more qualified for the positions than the persons who were placed in the positions. [C.R. 238-240]. Appellees received accolades and outstanding evaluations during their tenure with the Texas Veteran's Commission [C.R.300-388 *(Lazarin evaluations)*, 390-439 *(Muse evaluations)*, 441-485 *(Vallejo evaluations)*] coupled with their proof that they were in compliance with the policies Appellant was accusing them of violating [C.R.294-298] evidences sufficient pleading for jurisdictional purposes that Appellees have alleged a cause of action against Appellant.

## SUMMARY OF THE ARGUMENT

Armando Lazarin, Jose Vallejo, Robert Muse are veterans who sustained disabilities in the service of their country and for that service both Texas and federal law give preference to be retained in the jobs from which they were terminated. Their petition alleged the necessary facts and legal theories conferring jurisdiction on the court and defeating Appellant's Plea to the Jurisdiction.

All Appellees are (1) over the age of forty years, (2) Hispanic, (3) male (4) suffered adverse employment action when they were terminated (5) qualified for the positions from which they were terminated, (6) replaced by persons outside the protected class (female, younger, non-Hispanic). Appellees presented evidence

4

that the reason Appellant gave for their termination was a pretext to discrimination.

The issue for this Court to decide is merely whether Appellees alleged claims against Appellant sufficient to invoke the Trial Court's jurisdiction. Appellees pled facts that support a prima facie claim under the Texas Commission of Human Rights Act for gender and national origin discrimination and for Civil Rights in Employment Discrimination. Appellees alleged the prima facie elements for age discrimination under the Texas Commission on Human Rights act and pursuant to the Age Discrimination in Employment Act as adopted by the Texas Commission on Human Rights Act.

Appellee Vallejo pled the necessary facts and elements that Appellant violated the Family Medical Leave Act by terminating Vallejo while he was actively receiving FMLA and in the process of extending his FMLA benefits. The State of Texas specifically waived sovereign immunity to be sued under the Family Medical Leave Act when it enacted the Texas Commission on Human Rights Act making it a violation of law to discriminate against persons with disabilities and upon enacting the Texas Veterans Act giving veteran's a remedy against employers who do no give preference in hiring and retaining veterans.

Appellees alleged facts supporting their complaints that they were denied

retention preference because of their veteran's status. Both the federal and Texas preference statutes provide that veterans must be given preference in both applying for employment and retention of employment.

In addition to pleading the necessary facts of their prima facie case of discrimination, they also alleged sufficient facts that Appellant's articulated reason for terminating Appellees was a pretext to discrimination. Appellees presented to Appellant the policy for which Appellees were instructed to follow established that Appellees were in compliance with the Texas Veteran's Commission's policies and had not violated policies as the Appellant had wrongfully accused Appellees.

In addition to pleading sufficient facts, Appellees specifically cited the statutory authority in support of their claims that give rise to the Court's jurisdiction on their causes of action.

The review by the Court looks to the sufficiency of Appellees pleadings that give rise to causes of action for which the Texas Veteran's Commission has waived immunity and support claims of wrongful termination and discrimination, which Appellees met their burden in both pleading and evidence.

1.    ***Burden of Proof on a Plea to the Jurisdiction:***

Appellant bears the burden in a plea to the jurisdiction. Appellant's claim for immunity from liability is an affirmative defense. A claim for immunity from suit goes to the Trial Court's subject matter jurisdiction. *Texas Department of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004). It is a question of law for the Trial Court to determine whether all Appellees alleged facts affirmatively demonstrating the trial court's subject matter jurisdiction and considering undisputed evidence of jurisdictional facts. In cases where there are disputed evidence of jurisdictional facts that implicate the merits of the case may require resolution by the finder of fact. *Miranda,* 133 S.W.3d at 226.

The Trial Court first considers Appellees' petition to determine whether the facts pleaded affirmatively demonstrate that jurisdiction exists and construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *County of El Paso v. Latimer,* 431 S.W.3d 844, 847 (Tex.App.–El Paso 2014 no pet. rev.).

Appellant consented to jurisdiction under all theories alleged by Appellees under the Texas Commission on Human Rights Act. Tex. Labor Code Ann. § 21.001 et seq., and as a subdivision of the State of Texas, can be sued for

7

violations under the Civil Rights Act in Employment Discrimination, 42 U.S.C. § 2000e. Appellees were required only to raise a genuine issue a material fact to overcome Appellant's challenge to the court's jurisdiction. *Cf.* Texas *Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004).

2. ***Pleading Race/National Origin, Gender and Age Discrimination:***

Appellees allege they (a) are a members of (b) a protected class of persons (c) that individuals with authority over the employment decision. Allegations of discrimination may be proved by direct or circumstantial evidence.

It is unlawful for an employer ... to discriminate against any individual ... because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1), Tex. Labor Code Ann. § 21.051 (West). An aggrieved employee need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that "race, color, religion, sex, or national origin was a motivating factor for any employment practice." 42 U.S.C. § 2000e-2(m), *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 101, 123 S.Ct. 2148, 2155, 156 L.Ed.2d 84 (2003). It is unlawful to discriminate against a person because of age. Age 40 years or over. 29 U.S.C. §§ 621, 623, Tex. Lab. Code Ann. § 21.051 (West).

Under the Texas Commission on Human Rights Act to allege a cause of action for employment discrimination, the aggrieved employee must demonstrate

8

that they were (1) members of the protected class, (2) qualified for their employment positions, (3) terminated by their employer, and (4) replaced by someone outside the protected class.

### a. Age Discrimination:

Texas law requires that the aggrieved employee plead and prove a prima facie case of age discrimination by showing Under the Age Discrimination in Employment Act, 29 U.S.C. § 691 and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.051 (West) Plaintiffs establish an age discrimination prima facie case by showing that (1) Plaintiffs were a member of the protected class, (2) qualified for the job, (3) discharged from their position.

Under federal law, Appellees establish the fourth element by showing that Plaintiffs were (4)(a) replaced by someone outside the protected class, (4)(b) replaced by someone younger, or (4)© otherwise discharged because of age. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 144, 120 S.Ct. 2097, 2107, 147 L.Ed.2d 105 (2000).

Under Texas law, Appellees establish the fourth element by showing that they were (4) treated less favorably than similarly situated members of the opposing class. *Mission Consol. Independent School Dist. v. Garcia,* 372 S.W.3d 629, 641 (Tex. 2012).

Once Appellees establish their prima facie burden, then the Appellant must show that there was a non-discriminatory reason for terminating Appellees' employment which Appellees then have the burden to show by a preponderance of the evidence, that Appellant's reason was a pretext to discrimination. It is sufficient if Appellees' evidence shows that age was a motivating factor in the adverse employment decision. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. at 153, 120 S.Ct. at 2112, *Quantum Chemical Corp. v. Toennies,* 47 S.W.3d 473, 482 (Tex. 2001).

### b.     National Origin (Hispanic) Discrimination[9]:

The proof necessary for age discrimination apply in claims alleging adverse employment discrimination because of an employees national origin. *El Paso Community College v. Chase,* 355 S.W.3d 164 (Tex.App.–El Paso 2011, rev. denied). Appellees' allegations that persons were treated more favorably than Appellees' that were of a different national origin than Appellees is sufficient to place the burden of production on Appellant to show that Appellant had a non-discriminatory reason for the action taken, to which Appellees' must respond with evidence that Appellees' national origin was a motivating factor in the action taken against Appellees. *El Paso Community College v. Chase,* 355 S.W.3d 164

---

[9]*Id.*

10

(Tex.App.–El Paso 2011, rev. denied).

c.      Gender Discrimination:

The proof necessary for age discrimination apply in claims alleging adverse employment discrimination because of an employee's gender. Appellees need only "demonstrat[e]" that an employer used a forbidden consideration with respect to "any employment practice" 42 U.S.C. § 2000e–2(m). The proof may be by direct or circumstantial evidence and by a preponderance of the evidence. *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 99, 123 S.Ct. 2148, 2154, 156 L.Ed.2d 84 (2003).

3.      ***Evidence and Pleading Allegations Overcome Plea to the Jurisdiction:***

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers the relevant evidence submitted by the parties to resolve the jurisdictional issues. If the evidence does not negate jurisdiction as a matter of law or if it creates a fact issue, the trial court should deny the plea. *Office of Atty. Gen. v. Weatherspoon,* 435 S.W.3d 844, 848 (Tex.App.–Dallas 2014, pet. rev. filed, July 28, 2014).

Appellees pleaded facts and presented evidence sufficient to establish the Trial Court's subject matter jurisdiction of their claims against Appellant. Appellees pleaded a prima facie case for age, gender, and national origin

11

discrimination thus overcoming Appellant's Plea to the Jurisdiction. Appellees alleged their membership in a class of persons intended to be protected, i.e. they are over the age of 40 years, they are Hispanic, and they are males. Appellees alleged that adverse employment action was taken against them and the facts identifying the adverse employment action. Appellees alleged that Appellant's articulated reason for terminating their employment was a pretext for unlawful discrimination. Appellees pleaded their age, their gender, their national origin, and that they were replaced by persons that were younger, female, and of a national origin other than Hispanic. Appellees alleged that they were qualified for the positions from which they were terminated and were more qualified than the persons with whom Appellant placed in Appellee's Lazarin and Muse former positions. [C.R.84-94]

Appellant's evidence proffered in support of its plea to the jurisdiction established that persons hired to replace the position were female and of a national origin other than Hispanic. [C.R.122]

Appellee Lazarin first learned that his position was eliminated when Appellant filed its Plea to the Jurisdiction. Appellee sufficiently alleged a prima facie case for discrimination because Appellant remains liable if it practices discrimination in eliminating a job position or in its selection of who to retain and

12

who to reduce from the force. *Gold v. Exxon Corp.,* 960 S.W.2d 378, 382 (Tex.App.--Houston [14th Dist.] 1998, no pet. rev.).

4.      ***Waiver of Sovereign Immunity under ADEA:***

The Texas legislature, in its stated purpose in enacting the Texas Commission on Human Rights Act making age discrimination unlawful,[10] incorporates the Age in Discrimination in Employment Act[11] to "identify and create an authority that meets the criteria" of the ADEA. Consequently, Texas has waived immunity from suit for age discrimination. The Texas legislature likewise incorporates, in its stated purpose, the enforcement provisions of the Civil Rights in Employment Discrimination Act, 42 U.S.C. § 2000e-5, Tex. Labor Code Ann. § 21.001(2). By adopting federal law in defining and enforcing employment discrimination, the Texas courts look to federal interpretation in applying the law to state employees. *San Antonio Water System v. Nicolas,* ___ S.W.3d ____ (Tex. 2015) 2015 WL 1873217 *3 (April 24, 2015).

Appellees pleaded the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act provisions relating in support of Appellees' allegations of age discrimination in their wrongful termination from

---

[10]Tex. Labor Code Ann. § 21.001 (West)

[11]29 U.S.C. § 633

13

employment by the Texas Veteran's Commission. [C.R.84-94]

5.    ***Preference for Disabled Veterans Status:***

All Appellees alleged their veteran's status and that they were veterans with a disability entitling them to veteran's preference pursuant to Tex. Gov't Code Ann. § 657.001 et seq. and 38 U.S.C. § 4103a. Appellees were hired by Appellant as part of the Federal Program giving preference to disabled veterans and as such were entitled to preference in their employment with Appellant. 38 U.S.C. § 4214.

Appellees specifically pled their entitlement to veterans preference and veterans entitlements. [C.R.81-82, 85-94]. Appellees alleged and submitted controverting evidence that Appellant's terminated or failed to retain them in their job positions. [C.R.257-262 (PX-5)] Appellees filed a written complaint with Appellant dated September 11, 2012, complaining of their termination and decision to not retain them in their job positions. [C.R.263-272, 274-282, 284-292 (PX-6)] Appellant's denied Appellees complaint in a letter dated September 28, 2012. [C.R. 273, 283, 293 (PX-6)] Clearly, Appellees sufficiently alleged the legal and factual basis of their entitlement that the Trial Court has jurisdiction over their claims.

a.    Texas Preference Statute:

Appellees alleged their disabled veterans status entitling them to receive

veterans preference in employment with the Defendant. Tex. Gov't Code Ann. § 657.002 (West) because they served in the military for not less than 90 consecutive days, were honorably discharged from military service and are competent. Tex. Gov't Code Ann. § 657.002(a)(1)-(3) (West). Appellees have service-connected disabilities and are entitled to veterans employment preference for employment in a position with a public entity over persons who are not more qualified. Tex. Gov't Code Ann. § 657.003(a), (b) (West).

As qualified veterans, Appellees were entitled to preference in employment with a public entity. Tex. Gov't Code Ann. § 657.003(a). The statute mandates that the public entity shall give preference to qualified veterans if the statutory requirements are met. Tex. Gov't Code Ann. § 657.004. The Texas preference statute is to be construed in harmony with federal law. Tex. Gov't Code Ann. § 657.006. The preference applies to reduction in force cases. Tex. Gov't Code Ann. § 657.007 (West). An aggrieved veteran entitled to preference may file a complaint with the public entity protesting the agency's action. Tex. Gov't Code Ann. § 657.010.

In discussing the history of the veteran's preference statutes, United States Supreme Court Justice Marshall noted in this dissent that states "conferring a permanent preference, the legislation allows veterans to invoke their advantage

15

repeatedly, without regard to their date of discharge." Indicating an acknowledgment of veteran's to enforce their rights under the preference statutes. *Cf. Personnel Adm'r of Massachusetts v. Feeney,* 442 U.S. 256, 286, 99 S.Ct. 2282, 2300, 60 L.Ed.2d 870 (1979).

> b.    <u>Job Counseling, Training and Placement Service for Veterans</u>:

The purpose of the federal legislation is to provide an effective job and job service programs for eligible veterans to provide veterans the maximum of employment and training opportunities, with priority given to the needs of disabled veterans. 38 U.S.C. §4102. The Appellees were employed with the Texas Veteran's Commission working in the program for veterans. The states were mandated, to the maximum extent practicable, employ qualified veterans to carry out the services referred to in subsection (a). Preference shall be given in the appointment of such specialists to qualified disabled veterans. 38 U.S.C. §4103a(b).

Appellees were entitled to preference to be retained in their job positions. There is nothing in the veterans preference act that allows for Appellees discharge and the reason articulated by Appellant does not provide a basis for denying Appellees preference in retaining their job positions. *Cole v. Young,* 351 U.S. 536, 76 S.Ct. 861, 100 L.Ed. 1396 (1956).

16

6.      *Vallejo claim for FMLA Violations and Retaliation:*

Appellee Vallejo alleged the necessary allegations giving rise to his claims under the FMLA. [C.R.84-88, 94-98] Vallejo pleaded his diagnosis of cancer, his continuing on going treatment by doctors for a chronic medical condition, his periods of incapacity, that he reported his condition to his employer, and with specificity that he was in the process of providing additional information requested from Appellant to continue with his FMLA benefits, when Appellee Vallejo was terminated. [C.R.84-85, 93-98]

a.      Family Medical Leave Act:

A serious health condition is an illness, injury or impairment, either physical or mental, that involves continuing treatment by a health care provider. 29 U.S.C. § 2611(11). An employee is entitled to a total of 26 work weeks of leave. 29 U.S.C. § 2612(a)(4). An employer may require an employee to provide certification with the application for FMLA. 29 U.S.C. § 2613. The employer must give the employee fifteen days to get the medical certification. 29 U.S.C. § 2613, 29 C.F.R. 825.305(b). Terminating the employee during the fifteen day certification period violates the FMLA. 29 U.S.C. § 2612. The employer is required to apply the Certification policy uniformly. 29 U.S.C. § 2614(a)(4). Terminating an employee within days of filing for FMLA benefits articulates a

17

prima facie case for retaliation. *Goff v. Singing River Health System,* 6 F.Supp.3d 704, 709 (S.D. Miss. 2014). The employer and employee can agree that the employee will take intermittent leave of which the employee may be transferred to an alternative position that has equivalent pay and benefits and better accommodation periods that would the employee's regular position. 29 U.S.C. § 2612(b)(2). The Family Medical Leave Act protects the employee by mandating that the employee shall upon return from FMLA, be restored to his position held prior to when his leave commenced or an equivalent position. The employee shall suffer no loss of benefits. 29 U.S.C. § 2614. It is unlawful for an employer to interfere with, restrain or deny, discriminate against, or interfere with an employee's exercising his FMLA benefits. 29 U.S.C. § 2615.

Vallejo received a 30 percent disability upon his honorable discharge from the United States Air Force in 1992. [R.R.16] It is undisputed that he is a disabled veteran. He was employed with the Texas Veteran's Commission from April 2007 to September 2012. [R.R.16-17] Vallejo filed for benefits under the Family Medical Leave Act when he was diagnosed with cancer in 2012. [R.R.17] In August 2012, less than one month prior to his termination and just before his first claim for FMLA benefits were expiring, Vallejo had applied for continuing FMLA benefits. [R.R.17-18] While his request was pending, Appellee Vallejo was

18

terminated. [R.R.18-20] At the time of his termination, Appellee Vallejo was undergoing chemo therapy at M.D. Anderson in Houston, Texas. [R.R.20] Vallejo had been released for limited duty, formally he was on FMLA leave at the time he was terminated. [R.R.21, C.R.486 (PX-13)] The pleadings and evidence establish the Court's jurisdiction over Vallejo's claims against Appellant.

The Texas Supreme Court in *University of Texas at El Paso v. Herrera,* 322 S.W.3d 192 (Tex. 2010) relies upon the holding in *Nevada Department of Human Resources v. Hibbs,* 538 U.S. 721, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003) to justify denying an aggrieved employee the right to sue its state employer for violations under the self-care provision of the Family Medical Leave Act because the U. S. Supreme Court in *Hibbs* held the state waived immunity from suit under the family care provision of the FMLA and withheld deciding waiver under the self-care provision because it was not before the United States Supreme Court in *Hibbs.* The *Hibbs* and *Herrera* reasoning both recognize a state employee suing its employer if the state employer has waived immunity or there is an overriding interest to apply federal legislation to the states.

b.     Texas Waiver of Sovereign Immunity under FMLA:

The State of Texas has waived sovereign in immunity on Vallejo's claim under the FMLA by Texas enacting both the Texas Commission on Human Rights

19

Act [TCHRA] and the Veterans Preference Act statutes.

It is undisputed that Appellee Vallejo is a disabled veteran. It is also undisputed that both Texas and federal law have enacted legislation giving preference to disabled veterans in job retention. Tex. Gov't Code Ann. §§ 657.001, 657.007, 38 U.S.C. § 3100. The Texas preference statute specifically applies to the State of Texas as an employer mandating Texas giving preference to disabled veterans. Tex. Gov't Code Ann. § 657.001(2). Congress recognizes the federal government's overriding interest in protecting our veterans in job preference. 38 U.S.C. § 3100. The reasoning applied by the U. S. Supreme court in applying the family care provision to state employers, would equally hold in applying the self-care provision to veterans who seek their FMLA benefits for treatment and being given preference in retaining their jobs upon return from FMLA leave. Enacting the FMLA was to provide job security for employees who have serious health conditions that prevent them from working for temporary periods and is analogous to the leave of absence provision of the veterans preference statutes that veterans absent from their employment are considered to be pursuing their benefits. 38 U.S.C. § 3110, 29 U .S.C. § 2601(a)(4), 29 U.S.C. § 2612(a)(1)(D). The Texas Supreme Court acknowledged the provision added to the FMLA to specifically protect exigencies for military families. *University of*

*Texas at El Paso v. Herrera,* 322 S.W.3d at 194, fn. 7.

Appellant participated in the federal program by hiring disabled veterans such as Appellees in this litigation mandating that Appellant employ covered veterans. 38 U.S.C. § 4212(a)(1). The Texas legislature recognizes the need to give preference to veterans in job employment and retention. Tex. Gov't Code Ann. §§ 657.004, 657.003. The FMLA likewise mandates retention of employees who must be away from their job for medical reasons and provide them a job in which to return when they are medically able. 29 U.S.C. § 2614.

Applying the reasoning of both the Texas and United States Supreme Courts there is an overriding interest to protect veterans in retaining their jobs and giving them preference in employment retention. Selectively applying the enforcement provisions of the statutes enacted to protect employees should not discriminate because of the status of the employer. It is inapposite that an employer may accept the benefits of the statute and dispel the enforcement entitlements of their employees. The Veterans Preference Act specifically allows enforcement of its provisions by the affected veteran. Tex. Gov't Code Ann. § 657.001 et seq.

The TCHRA specifically waives immunity for claims of discrimination against employees with a disability and specifically cites to the American's with Disabilities Act stating "[t]he general purposes of this chapter are to . . . provide

21

for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments (42 U.S.C. § 12101 et seq.). Tex. Lab. Code Ann. § 21.001(3). The *UTEP v. Herrera* court acknowledges the need to protect employees with serious health conditions, and specifically references employees with cancer. *University of Texas at El Paso v. Herrera,* 322 S.W.3d at 200-201,l fn. 46.

     c.    <u>Retaliation under FMLA</u>:

Vallejo was terminated while on FMLA leave and during the time that he had applied to extend his FMLA benefits. [R.R.18-21] Vallejo establishes a claim for retaliation for terminating his employment for seeking FMLA benefits. *Goff v. Singing River Health System,* 6 F.Supp.3d 704, 709 (S.D. Miss. 2014).

PRAYER

WHEREFORE PREMISES CONSIDERED, Appellees move this court affirm the Trial Court's denial of Appellant's Plea to the Jurisdiction and for all other relief to which Appellees are entitled in law and equity.

<u>CERTIFICATE OF SERVICE</u>: This is to certify that a true and correct copy of the foregoing document was this date served upon attorney for the Appellant, Melissa Holman, Assistant Attorney General, SBOT 24064501, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, (512) 463-2120, FAX: (512) 320-

0667, e-mail: Melissa.Holman@texasattorneygeneral.gov, through the electronic filing system, on this date June 7, 2015.

CERTIFICATE OF COMPLIANCE:  The undersigned hereby certifies that this document contains 4,494 words as provided Tex.  R. App. P. 9.4 ( i)(1) and 9.4( i)(2)(B) using WordPerfect X6©.

/s/   *William H. Berry, Jr., Gail D. C. Dorn*
**WILLIAM H. BERRY, JR.**
Attorney in Charge for Appellees
Texas Bar 02251000, Federal ID 1155
**GAIL D. C. DORN**
Attorney *Of Counsel* for Appellees
Texas Bar 06007350, Federal ID 16311
P. O. Box 23064
Corpus Christi, Texas 78403-3064
361-888-5568, No Facsimile
e-mail: berrylaw@sbcglobal.net